CUNNINGHAM v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Term. December 21, 1905.)

STREET RAILROADS—PERSONS IN STREET—INJURIES—NEGLIGENCE.

The driver of defendant's street car detached his horses therefrom in order to get over a hole in the street, and, after the car had been pushed over the hole, was about to attach the horses again to the car, when they suddenly bolted, ran away and injured plaintiff, a street sweeper. *Held*, that the mere fact that the horses broke from the driver and ran did not establish defendant's negligence.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Highways, § 472.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Michael Cunningham against the Dry Dock, East Broadway & Battery Railroad Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

William E. Weaver, for appellant.

Frank M. Hardenbrook, for respondent.

SCOTT, P. J. This judgment cannot stand. The plaintiff, a street sweeper, was struck and injured by a team of car horses which were running away. There was a hole in the street, and the horses had been detached from the car, which was pushed by hand over the hole. The driver took his horses around the hole and was about to attach them to the car, when they suddenly bolted and ran away. The mere fact that the horses broke away from the driver and ran does not establish defendant's negligence; and there was an entire failure to account for their running away, or to attribute their action to any negligence act or omission on the part of any of the defendant's employés. As the evidence stood, the defendant's motion to dismiss the complaint should have been granted.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.